[No. 3370. Decided February 8, 1900.]

HOLT MANUFACTURING COMPANY, *Appellant,* v. ARCHIE DUNNIGAN, *Respondent.*

SALE—CONSTRUCTION OF CONTRACT—DEFECTIVE MACHINERY—TIME FOR GIVING NOTICE.

Under a contract for the sale of a harvester which provides that "if, upon one week's trial, the machine should not work well, the purchaser shall give immediate notice to the manufacturing company or its agent, and allow time to send a man to put it in order," the purchaser is entitled to a week in which to make trial

of the machine, and is not required to give notice of its defective character before the end of such trial week.

SAME—MODIFICATION OF TERMS—AUTHORITY OF AGENT.

Where a contract for the sale of a harvester provides that in case the machine does not work well immediate notice shall be given the seller or its agent, so that a man may be sent to put it in order, but no time is prescribed in the contract within which the seller shall put the machine in working order, the law will require that it be within a reasonable time, and it is competent for the purchaser and the seller's agent to agree upon a time, notwithstanding a clause in the contract provides that "no agent has power to make any additions to, or to vary the terms and conditions hereof."

Appeal from Superior Court, Walla Walla County.— Hon. THOMAS H. BRENTS, Judge.      Affirmed.

*Thomas & Dovell,* for appellant.
*Garrecht & Dunphy,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—The appellant brought this action to recover from respondent the first installment of the purchase price of a combined harvester, which it alleges it sold and delivered to the respondent upon the conditions expressed in the following contract:

" THE HOLT MANUFACTURING COMPANY, (a corporation,)
          Stockton, Cal.:

Please manufacture and ship to the undersigned one Side Hill Combined Harvester, 16 foot cut, complete with straw dump and header truck with 20 inch and 20 inch tires, including the usual extras.     (See printed list of extras furnished.)

Consign to Archie Dunnigan.      To be shipped by rail to Walla Walla Station, on or about June 25th, 1898, for which the undersigned agrees to pay seventeen hundred and fifty and no one hundredth dollars, as follows, and as per terms on back hereof:     Eight hundred and seventy-five and no one hundredth dollars Oct. 1st, 1898, Eight hundred and seventy-five and no-100 dollars Oct. 1st, 1899; 1-32 Horse Hitch $75.00.

Interest from November 1st, 1898, at the rate of 10 per cent per annum.

Free on board of boat or cars at Stockton.

These machines are all warranted to be made of good material and durable, with proper care. If upon one week's trial, the machine should not work well, the purchaser shall give immediate notice to said, The Holt Manufacturing Company, or their agent, and allow time to send a man to put it in order. If it cannot then be made to work well, the purchaser shall return it at once to the agent of whom he received it, and his payment, if any has been made, shall be refunded. Continuous use of the machine, or use at intervals through the harvest season shall be deemed an acceptance of the machine by the undersigned.

And it is agreed that the said, The Holt Manufacturing Company, does not part with the title to the said harvester until all said deferred payments or notes are fully paid; that time is of the essence of the agreement; that should the undersigned make default in any of said payments, then said, The Holt Manufacturing Company, shall at their option, and without notice, terminate this agreement, and with or without legal process take and retain said Harvester, wherever it may be situated, and all moneys paid by the undersigned, prior to such default, shall be compensation for using said Harvester prior to such default; and should the Holt Manufacturing Company, by reason of such default, incur any expense, the undersigned agrees to reimburse them the sum total of all such expense, including reasonable counsel fees.

The undersigned agrees to pay all city, county and state taxes that may be assessed against this harvester and keep the same insured against loss and damage by fire, from the time of its receipt until all payments are fully paid. Insurance policy to read: Loss if any, payable to The Holt Manufacturing Company, Stockton, Cal.

The undersigned agrees not to countermand this order, except for failure of crops.

And it is understood that no agent has any power to make any additions to, or to vary the terms and conditions hereof."

The respondent, for answer to the complaint, admitted the execution of the contract and the delivery to him of the harvester; and alleged affirmatively that the harvester, after trial as provided for in the contract, would not work well; that after notice thereof given, and time allowed to the appellant to put it in order, the harvester could not be made to work well, and thereupon he returned the same to agent of appellant, and the same was by the agent received; that $25 had been paid upon the purchase price, return of which was demanded.    The appellant denied the affirmative allegations of the answer, and upon the issue thus made a trial was had before the court and a jury, resulting in a verdict and judgment for the respondent.

The several assignments of error relied upon by the appellant are based upon what it conceives to be an erroneous construction, by the lower court, of that part of the contract which provides for a trial of the machine.    That court instructed the jury to the effect that, under this stipulation in the contract, the respondent was entitled to make one week's trial of the machine before accepting it, and, if it worked well during that time, he was bound to accept it and pay for it; but, if it did not work well during that time, it became his duty immediately, at the end of the week, to notify the company or its agent of the fact; that, if he failed to give such notice promptly and immediately, he would be deemed to have accepted the machine, whether it worked well or not; that if the machine did not work well, and the respondent gave such notice to the appellant's agent, it then became the duty of the appellant or its agent to send a man within a reasonable time to put the machine in order, and, if it then failed to work, the purchaser was authorized to refuse to accept it.    On this branch of the case, the appellant requested the court to instruct the jury that, if they believed from the evidence that the purchaser

took the machine and used it at intervals for one week without complaint to the appellant or its agent, then he was "absolutely bound by his contract to pay for the machine, and could not avoid his contract because of any failure of the machine to work well." In other words, it contends that, under this clause of the contract, the notice of failure to work must be given within the week allotted for the trial, else the machine will be deemed to have been accepted. It seems manifest that the court's construction of the contract is the correct one. It gives to the words used their natural and usual meaning, and is the only construction that will give force to the entire clause. But analysis is unnecessary. It would be hard to express more clearly in words the idea intended to be conveyed than is done by the language used by the parties in this instance.

No time was prescribed in the contract within which the seller was required to put the machine in working order after receiving notice from the purchaser that it would not work well. The law in such a case required it to be done within a reasonable time. Hence it was competent for the agent of the seller, selected by it to put the machine in order, to agree with the purchaser upon a time within which it should be done, notwithstanding a clause in the contract provided "that no agent has any power to make any additions to, or to vary the terms and conditions hereof;" and it was not error for the court to so instruct the jury, especially in the absence of a showing that the time agreed upon was not a reasonable time.

Upon the question of fact suggested, there was a substantial conflict in the evidence, and, the jury having found in favor of the respondent, their finding will not be disturbed in this court.

The judgment is affirmed.

GORDON, C. J., and DUNBAR and REAVIS, JJ., concur.